WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Cornell Harrod,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-16-02011-PHX-GMS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Pending before the Court is Respondents' Motion to Preclude Juror Contact Absent Court Permission Upon a Showing of Good Cause. (Doc. 15.) The Court heard oral argument on October 7, 2016. The Motion is granted in part and denied in part.

This case is a habeas review of a state capital conviction. Although there are rules in both state and federal court that restrict post-trial juror contact in various ways, no rule in state or federal court absolutely prohibits such contact.

Rule 18.3 of the Arizona Rules of Criminal Procedure[1] precludes a party from utilizing or disseminating a juror's biographical information[2] for any use other than jury selection. The jurors' personal identification information, including addresses and telephone numbers, is kept entirely confidential absent a showing of good cause.

---

[1] Although Arizona Revised Statute § 21-312 precludes the release of juror contact information in the absence of a court order, the parties agreed at oral argument that this statute is inapplicable to cases decided before January 1, 2008. Petitioner was resentenced in 2005, and thus this statute is not applicable in this case.

[2] This information includes the zip code, employment status, occupation, employer, residency status, education level, prior jury duty experience, and felony conviction status of potential jurors.

Ariz.R.Crim.P. 18.3; *see also* Rules of the Supreme Court of Arizona, Rule 123(e)(10) ("The home and work telephone numbers and addresses of jurors, and all other information obtained by special screening questionnaires or in voir dire proceedings that personally identifies jurors summoned for service, except the names of jurors on the master jury list, are confidential, unless disclosed in open court or otherwise opened by order of the court.")  Counsel for Petitioner have represented to the court that they will not use information contained in the state court's record, other than publically available transcripts, to identify or locate jurors. Respondents point to no state authority prohibiting post-trial contact with jurors through the use of publically available information to ascertain their identity

Ninth Circuit law further makes clear, however, that interviewing jurors about their deliberative process is both improper and unethical.  "We do hold for future guidance that it is improper and unethical for lawyers . . . to interview jurors to discover what was the course of deliberation of a trial jury." *Northern. Pac. Ry. Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954).  Thus, except where the inquiry is authorized by statute, "intrusion into the 'expressions, arguments, motives, and beliefs' of jurors during retirement is unanimously condemned.'" *Id.* at 205 (quoting 8 Wigmore on Evidence § 2348, *et seq.* (3rd Ed., 1940)).[3]

Further, Federal courts have long recognized that unduly speculative questioning of juries poses significant problems and should be discouraged. In *Tanner v. United States*, 483 U.S. 107 (1987), the Supreme Court noted that allegations "raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process"

---

[3] This Court's Local Rules of Civil Procedure, Rule 83.2(e), subjects attorneys practicing in this Court to the Rules of Professional Conduct of the Arizona Supreme Court.  In addition to the requirements above, those rules require that a lawyer "shall not . . . communicate with a juror or perspective juror after discharge of the jury if . . . the juror has made known to the lawyer a desire not to communicate; or . . . the communication involves misrepresentation, coercion, duress or harassment." Ariz. R. Sup. Ct. 42, E. R. 3.5

1  and could undermine "full and frank discussion in the jury room, jurors' willingness to
2  return an unpopular verdict, and the community's trust in a system that relies on the
3  decisions of laypeople." *Id.* at 120–21; *see also McDonald v. Pless*, 238 U.S. 264, 267–
4  68 (1915) (noting that public investigation of juror deliberations would lead to "the
5  destruction of all frankness and freedom of discussion and conference"). Because
6  evidence concerning the manner at which a jury arrived at its verdict is inadmissible to
7  test the validity of a verdict, "the practice of counsel in propounding questions on these
8  subjects to jurors after trial should be discouraged." *Traver v. Meshriy*, 627 F.2d 934, 941
9  (9th Cir. 1980). Rule 606(b) of the Federal Rules of Evidence is grounded in the
10 common-law rule against admission of jury testimony to impeach a verdict.

11 On the other hand, although jurors may not be questioned about their deliberations
12 and most matters related thereto, they may be questioned regarding any extraneous
13 influence on their verdict. *Tanner*, 483 U.S. at 117; *Traver*, 627 F.2d at 941.
14 Accordingly, Fed. R. Evid. 606(b) allows jury testimony in limited circumstances to
15 show that (1) extraneous prejudicial information was improperly brought to the jury's
16 attention, (2) an outside influence was improperly brought to bear upon any juror, or (3)
17 there was a mistake in the verdict form. *See Tanner*, 483 U.S. at 121; FED.R.EVID.
18 606(b).

19 The Court recognizes that the United States Supreme Court, in *Pena-Rodriguez v.*
20 *Colorado*, 350 P.3d 287 (Colo. 2015), cert. granted, 136 S.Ct. 1513 (Apr. 4, 2016) (No.
21 15-606), is now considering whether an exception may be made into the general
22 prohibition of inquiry into jury deliberations when issues of racial prejudice may be
23 involved, but counsel has acknowledged to the Court that no such issues appear to
24 present themselves in this case. Further Petitioner's counsel have represented to the court
25 that their sole intention in interviewing jurors is to discover the possible existence of
26 extraneous improper outside influence on jurors, and they will not delve into improper or
27 inadmissible areas of inquiry such as jury deliberations. Counsel has however noted that
28 some flexibility may be required in determining whether extraneous influences took place

to the extent that such alleged extraneous influences arose during deliberations.

While recognizing the need for some such flexibility, investigation directed at discovering the inadmissible considerations of motives and influences that led to a juror's verdict, including questions designed to elicit a juror's thoughts on what their verdict might have been in response to evidence not presented at trial, is inappropriate and unethical. *Mely,* 219 F.2d at 202; *Traver,* 627 F.2d at 941; *cf. Com. v. Moore*, 474 Mass. 541, 52 N.E.3d 126 (2016) (holding that communications "prohibited by law" under state ethical rules include communications in violation of statutory law, specific court orders and court rules, and common-law limitations on post-verdict juror inquiry). Counsel for Petitioner have assured this Court that they will not pursue such information. To the extent, however, that counsel deem it necessary to conduct inquiries other than those designed to uncover extraneous influences on the jury, they are ordered to seek authorization from this Court to do so.

The Court declines to adopt the State's view that a broader prohibition is merited. Rule 39.2 of the Local Rules of Civil Procedure applies to trials conducted in federal court, not trials conducted within state court which result in subsequent federal habeas proceedings. The language of Local Rule 39.2(b), which provides that proposed interrogatories must be submitted to the Court "within the time granted for a motion for a new trial," indicates that the rule was drafted to govern contact with federal jurors following trials in federal district court. This conclusion is strengthened when the rule is read *in pari materia* with Local Rule of Civil Procedure 39.1, which governs the procedure for trial by jury in federal district court. *See* LRCiv 39.1. In contrast to this Court's local rule, at least one district court has drafted a local rule that broadly prohibits contact with *any* juror, *see* D. Or. LR 48-2 ("[e]xcept as authorized by the Court, attorneys, parties, witnesses, or court employees must not initiate contact with any juror concerning any case which that juror was sworn to try"), and has been interpreted to require federal habeas petitioners to seek leave of court before contacting state jurors. *See Moen v. Czerniak*, Case No. 02-10-JE, 2004 WL 1293920, at *2, n.1 (D. Or. June 10,

2004) (the parties agreed that local rules and ethics opinions prevented petitioner from contacting jurors without a court order). This Court's prohibition does not reach that far.

Unlike some courts that strictly prohibit all post-verdict interviews of jurors, *see e.g. United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985) (prohibiting the post-verdict interview of jurors by counsel, litigants or their agents except under the supervision of the district court, and then only in such extraordinary situations as are deemed appropriate), there is no absolute prohibition of post-verdict interviews of jurors in the Ninth Circuit. *See Hard v. Burlington Northern R.R.*, 812 F.2d 482, 485 (9th Cir. 1987) (explaining that the Ninth Circuit has not joined other courts in holding that evidence acquired in post-verdict interviews conducted without leave of the court makes the evidence obtained inadmissible) *abrogated on other grounds by Warger v. Shauers*, 135 S. Ct. 521 (2014). Though it may be the "the better practice . . . for the attorney to seek leave of the court to approach the jury," the Ninth Circuit indicated that the district court could not refuse to consider the evidence obtained in that case from post-verdict juror interviews on that ground. *Id.* at 485 & n.3.

Respondents also assert that a presumptive prohibition on juror contact is consistent with the principle that habeas petitioners are not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Because Petitioner is not requesting formal discovery and seeks only to informally interview jurors at this stage of the proceedings, Rule 6(a), Rules Governing Section 2254 Cases, requiring leave of court to conduct formal discovery under the Federal Rules of Civil Procedure, does not apply. No rule requires a petitioner in a § 2254 habeas proceeding to seek leave of a federal court to contact state trial jurors or prohibit counsel from conducting informal interviews of those jurors. Furthermore, requiring Petitioner to show good cause before interviewing jurors, who in some instances may be the only source of evidence of extraneous misconduct, presents a Catch-22 situation that is better addressed through evidentiary rules and ethical considerations.

/ / /

To the extent that this court has 'wide discretion' to restrict contact with jurors to protect jurors from 'fishing expeditions' by losing attorneys," *United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007) (quoting *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986)), it is disinclined to exercise that discretion to prevent inquiry into any extraneous influence that may have inappropriately influenced jurors.

Accordingly,

**IT IS ORDERED GRANTING** Respondent's Motion (Doc. 15) to the extent that it prohibits Petitioner from using the information deemed confidential under Arizona Criminal Rule 18.3 to locate and interview jurors. Petitioner is, however, not otherwise restricted from using other publicly available information for locating the juror's in this case.

**IT IS FURTHER ORDERED GRANTING** the Motion to the extent it would prevent Petitioner from questioning jury members on the course of their deliberations or other matters that are not admissible in evidence absent further authorization of this Court.

**IT IS FURTHER ORDERED DENYING** Respondents' Motion to the extent it would prevent Petitioner from questioning jurors' concerning any extraneous influences on the jury.

Dated this 18th day of October, 2016.

Honorable G. Murray Snow
United States District Judge