WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Cornell Harrod, | No. CV-16-02011-PHX-GMS |
| Petitioner, | DEATH PENALTY CASE |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' Motion to Strike 130-Page Reply and Accompanying 1600+ Pages of Exhibits. (Doc. 35.) Petitioner filed a Response. (Doc. 38.) For the reasons stated below, Respondents' motion is granted in part.

Petitioner James Cornell Harrod, a state prisoner under sentence of death, filed a statement of intent to file a Petition for Writ of Habeas Corpus on June 21, 2017. (Doc. 1.) The Court entered a case management order ("Order") establishing, among other things, procedural requirements for the filing of the Petition, Answer and Reply (Doc. 5 at 2–4.) After the Petition was filed, Respondents filed an Answer contending that some claims in the Petition were technically exhausted but procedurally defaulted. (Doc. 30.) Petitioner addressed this argument in his Reply, asserting that Arizona's preclusion and timeliness bars are not adequate to bar federal review, or, alternatively, to prevent a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 34 at 64–80.)

Respondents move to strike the Reply because it contains (1) new claims prohibited by the Court's Order, and (2) a new request for a stay supported by over 1600 pages of new "evidence," including an affidavit from a juror, in violation of the Order. (Doc. 35.)

**DISCUSSION**

In the Order, the Court directed Petitioner to respond to Respondents' allegations in the Answer regarding the procedural defenses of each claim, and to "affirmatively raise in the Reply any arguments concerning availability of state remedies, cause and prejudice, fundamental miscarriage of justice, or equitable tolling in response to any allegations by Respondents of procedural or timeliness bars." (Doc. 5 at 3–4) The Court also warned Petitioner that the Reply should "not be used to raise new claims or new material facts in support of existing claims." (*Id.* at 4)

Respondents assert that Petitioner's argument—that Arizona's preclusion and timeliness rules are not firmly established or regularly applied in state court—is a new claim, that is, a claim "that Rule 32 of the Arizona Rules of Criminal Procedure does not operate to bar federal review in any way." (Doc. 35 at 1.) Respondents contend Petitioner's preclusionary argument is a claim filed "under the guise of 'an argument concerning availability of state remedies, cause and prejudice, fundamental miscarriage of justice, or equitable tolling." (*Id.*) The Court disagrees. First, Respondents provide no support for this contention. Next, when the State pleads the existence of an independent and adequate state procedural ground as an affirmative defense, the petitioner bears the burden of refuting the State's affirmative defense by asserting specific factual allegations that demonstrate the inadequacy of the state procedure. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Petitioner has done so in this case by arguing that Arizona's preclusionary rules do not operate to bar federal review and supporting that argument with facts and evidence. Finally, even if the Court agrees with Petitioner's argument, it would only result in the Court's review of the underlying claims. In the absence of a meritorious claim, the Court could not grant habeas relief based on a finding that Rule 32

1  does not bar federal review of Petitioner's claim. Thus, the Court finds Petitioner is not raising a new claim under the guise of a procedural argument and will direct Respondents to address Petitioner's procedural argument in their response to Petitioner's request for evidentiary development.

Next, Respondents assert that Petitioner's request to stay the case and return to state court in the event it finds his claims procedurally defaulted is supported by over 1600 pages of new evidence and new material facts in violation of the Court's Order. The exhibits Respondents reference, with the exception of one exhibit, are court orders which Petitioner contends demonstrate inconsistent application" of the State's preclusionary rule. As such, these exhibits are not new evidence or new material facts "in support of an existing claim," rather, they are specific factual allegations supporting Petitioner's response to Respondents' affirmative defense, which Petitioner bears the burden of refuting, *see id.*, and are not prohibited by the Court's order. (*See* Doc. 5 at 4.) Accordingly, the Court directs Respondents to address Petitioner's procedural argument in their response to Petitioner's request for evidentiary development.

Finally, Respondents assert that the juror declaration that Petitioner attached to his Reply in support of a claim filed in the Petition is in violation of the Court's Order. Petitioner concedes this declaration is more appropriately filed as an attachment to Petitioner's notice of evidentiary development which he has now done. (Doc. 38 at 4; *See* (Doc. 41-3, Ex. 3).) Accordingly, the Court will strike the declaration (Doc. 34-6, Ex. 149).

Accordingly,

**IT IS ORDERED** Respondents' Motion to Strike (Doc. 35) is GRANTED IN PART as to the Juror Declaration filed in support of Petitioner's Reply (Doc. 34-6, Ex. 149).

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** Respondents shall address Petitioner's procedural argument in their response to Petitioner's request for evidentiary development.

Dated this 29th day of May, 2018.

_____
Honorable G. Murray Snow
United States District Judge